PHILLIP A. TALBERT
Acting United States Attorney
ANGELA SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00266 NONE-SKO |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE FOR WILFREDO MEDINA-PEREZ AND URIEL IVAN PORTILLO, AND TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| WILFREDO MEDINA-PEREZ, URIEL IVAN PORTILLO, AND ROJELIO "ROY" GARCIA | CURRENT HEARING DATE: May 5, 2021<br>TIME: 1:00 p.m. |
| Defendants. | PROPOSED HEARING DATE: August 4, 2021<br>COURT: Hon. Sheila K. Oberto |

This case is set for status conference on May 5, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

| | |
|---|---|
| 1 | Although the General Orders address the district-wide health concern, the Supreme Court has |
| 2 | emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive |
| 3 | openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. |
| 4 | *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no |
| 5 | exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at |
| 6 | 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a |
| 7 | judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally |
| 8 | or in writing"). |
| 9 | Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory |
| 10 | and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice |
| 11 | continuances are excludable only if "the judge granted such continuance on the basis of his findings that |
| 12 | the ends of justice served by taking such action outweigh the best interest of the public and the |
| 13 | defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless |
| 14 | "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the |
| 15 | ends of justice served by the granting of such continuance outweigh the best interests of the public and |
| 16 | the defendant in a speedy trial." *Id.* |
| 17 | The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code |
| 18 | T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, |
| 19 | natural disasters, or other emergencies, this Court has discretion to order a continuance in such |
| 20 | circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance |
| 21 | following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court |
| 22 | recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United* |
| 23 | *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the |
| 24 | September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a |
| 25 | similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules. |
| 26 | In light of the societal context created by the foregoing, this Court should consider the following |
| 27 | case-specific facts in finding excludable delay appropriate in this particular case under the ends-of- |
| 28 | |

justice exception, § 3161(h)(7) (Local Code T4). ² If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant WILFREDO MEDINA-PEREZ, by and through defendant's counsel of record, David Torres, and defendant URIEL IVAN PORTILLO, by and through defendant's counsel of record, Monica Bermudez, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 5, 2021.

2. By this stipulation, defendants now move to continue the status conference until August 4, 2021, and to exclude time between May 5, 2021, and August 4, 2021, under Local Codes T2 and T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over 11,000 pages of Bates stamped discovery and over one hundred recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Additionally, given the voluminous discovery and the fact that this case involved a wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for

---

² The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

pretrial proceedings or for the trial itself prior to August 4, 2021.

  f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 5, 2021 to August 4, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] and 18 U.S.C. § 3161(h)(7)(A), B(ii) [Local Code T2], because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated: April 27, 2021         PHILLIP A. TALBERT
                   Acting United States Attorney

                   /s/ ANGELA SCOTT
                   ANGELA SCOTT
                   Assistant United States Attorney

Dated: April 27, 2021         /s/ DAVID TORRES
                   DAVID TORRES
                   Counsel for Defendant
                   WILFREDO MEDINA-PEREZ

Dated: April 27, 2021         /s/ MONICA BERMUDEZ
                   MONICA BERMUDEZ
                   Counsel for Defendant
                   URIEL IVAN PORTILL

**FINDINGS AND ORDER**

/s/ Sheila K. oberto
_____
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE