**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILFREDO MEDINA PEREZ,<br><br>　　　　Defendant. | Case No.: 1:19-cr-00266 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 124) |

Wilfredo Medina Perez is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 124.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction because he was assigned no status points and received an adjustment under U.S.S.G. § 3B1.1. (Doc. 127.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.　　Background**

On December 9, 2021, pursuant to a written plea agreement, Defendant pled guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). (Docs. 88, 90.) Following Defendant's guilty plea, a "Presentence Investigation Report" ("PSR") was prepared by the probation officer. The PSR indicated a total offense level of 33, which included a two-level upward adjustment under U.S.S.G. § 3B1.1(c) for Defendant's supervisory role in the offense. (*See*

Doc. 96, PSR ¶¶ 34, 40.) Defendant was assigned zero criminal history points, which placed him in criminal history category I, according to the sentencing table at U.S.S.G. Chapter 5, Part A. (PSR ¶¶ 46-47.) Defendant was not assigned status points under the prior U.S.S.G. § 4A1.1(d). Based on Defendant's offense level and criminal history category, the advisory guideline imprisonment range was 135 to 168 months. (PSR ¶ 75.) Defendant was subject to a 10-year statutory mandatory minimum term of imprisonment. (PSR ¶ 74.)

A sentencing hearing was held on March 18, 2022. (Doc. 106.) The Court adopted the findings in the PSR without change and applied a downward variance based on the sentencing factors set forth at 18 U.S.C. § 3553(a). (Statement of Reasons ("SOR") at 1, 3.) Defendant was sentenced to 125 months in custody. (Doc. 59; Doc. 60 at 2.)

## II.     Analysis

Amendment 821 consists of two parts. Part A reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. Part B provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the remaining criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1. Specifically, a defendant must meet each of the following:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship;
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual

Rights);

9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

10. *the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)* and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a) (emphasis added).

Defendant does not specify under which provision(s) of Amendment 821 he seeks a sentence reduction. In any event, neither Part A nor Part B apply. Part A does not apply to Defendant "because he did not receive any status points in the first instance." (Doc. 127 at 4, citing PSR ¶¶ 45-47.) Part B does not apply because, as explained above, Defendant received a two-level adjustment under U.S.S.G. § 3B1.1(c). Thus, he fails to meet the criteria set forth in § 4C1.1(a)(10). Consequently, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court does not consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

**III.     Conclusion**

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 124), is **DENIED**.

IT IS SO ORDERED.

Dated:    **February 5, 2025**

_____
UNITED STATES DISTRICT JUDGE